UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

THOMAS L. FIELDS     PLAINTIFF

v.     CIVIL ACTION NO. 1:17CV-P129-GNS

JACKIE T. STRODE *et al.*     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas L. Fields, a pretrial detainee incarcerated at the Warren County Regional Jail ("WCRJ"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, a portion of the claims will continue, and the others will be dismissed.

I.

As Defendants, Plaintiff names (1) WCRJ Jailer Jackie T. Strode; (2) the WCRJ; (3) Southern Health Care Provider/Southern Health Care, Inc. ("Southern Health"); (4) Commonwealth of Kentucky; (5) "The 8th Municipal Judicial Corporation"; (6) the Honorable Steve Wilson, Warren Circuit Court Judge; (7) Kori L. Beck, "Commonwealth Attorney"; and (8) Brad Kaufman, "Hired Attorney." Plaintiff sues Defendants in their individual and official capacities. He alleges violations of the Fourth, Fifth, Sixth, Eighth, Thirteenth, Fourteenth, and Fifteenth Amendments to the U.S. Constitution and also alleges "medical malpractice and attorney malpractice." As relief, Plaintiff seeks damages and an injunction ordering "structural statute language change."

In the complaint form, Plaintiff alleges as follows:

> [Plaintiff was denied] medical screening at the booking and intake process to screen for pre existing contagions from HIV/AIDES tuberculosis, Hepatitis A,

> B, and C, Shingles, and other air born infections dieases while in general population placement on the day of March 1, 2017 A.D through the 30th day of March 2017 A.D when Petitioner complained about unexplained itchy and sores, scabbs breaking out on his body and was then and continues to be denied adequte medical diagnosis and medical treatment for the Shingles virus by deliberate indifference and wanton negligence by policy, custom, usuage and practices for discrimination against prisoners housed in the [WCRJ] . . . and no jail greivnace system remedy for this jail facilities . . . .

In an attached handwritten complaint, Plaintiff alleges:

> denial of adequate medical services and continued followed-up treatments for infectious diseases and topical skin rashs and outbreaks characterized as symtoms of the Shingles virus, while he was held in Pre-trial detention in general population at the [WCRJ], a facility that routinely does not screen, diagnose adequately or treat it's housed pre-trial detainees for infectious and contagious diseases.

Plaintiff also asks the following question:

> Does the Commonwealth of Kentucky State Government's Judicial Prosecution Process and intertwined relationship with petitioner's hired attorneys in his criminal action no# 17-CR-00048-002, give rise to a conflict of interest in denial of medical treatment violating his Fifth, Sixth, Eighth and 14th Amendment rights to counsel, due process, effective assistance of counsel and cruel and unusual punishment[?]

Elsewhere in the handwritten complaint, Plaintiff states:

> [He] maintains his merits demonstrate 5th and 6th Amendment rights violations to the right to counsel, assistance of counsel and due process where all compromised by his medical emergency incident while being held in detention and custody of the State, and the State's overbearing and overzealous inclination to exploit his civil rights and disregard the health of an accused it animusly so wishes to punish him with the greater, punitive sentence allowed for the crimes accused.

To the complaint, Plaintiff attaches the docket sheet of Warren Circuit Court criminal action no. 17-CR-00048-002, to which his complaint cites. The docket sheet indicates that Defendant Judge Wilson is presiding over that criminal case.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### *Defendants Jailer Strode and Southern Health*

Neither the form complaint nor the attached handwritten complaint is a model of clarity. Nonetheless, in liberally construing the pleadings in a light most favorable to the *pro se* Plaintiff, the Court will allow the Fourteenth Amendment claims of deliberate indifference to a serious medical need and the negligence/medical malpractice claims to continue against Defendant Strode, in his individual and official capacities, and against Defendant Southern Health related to his undiagnosed/untreated skin condition and the policy/custom of not screening/diagnosing/ treating pretrial detainees for infectious/contagious diseases. The Court also will allow Plaintiff's Fourteenth Amendment claims of dirty/wet conditions of confinement at WCRJ to continue against Defendant Strode in his individual and official capacities.

The Court clarifies that the Fourteenth Amendment applies because Plaintiff is a pretrial detainee, not a convicted prisoner to which the Eighth Amendment applies. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). Consequently, the Eighth Amendment claims will be dismissed. However, "[t]he Due Process Clause of the Fourteenth Amendment extends the protection of the Eighth Amendment to pretrial detainees such as Plaintiff." *Harrell v. Grainger Cty., Tenn.*, 391 F. App'x 519, 522 (6th Cir. 2010). Plaintiff's claims, therefore, will proceed under the Fourteenth Amendment but be analyzed like Eighth Amendment claims. *See Bass v. Strode*, No. 1:12CV-P182-R, 2012 WL 5834123, at *2 (W.D. Ky. Nov. 16, 2012). Plaintiff fails to show how the Fourth, Fifth, Sixth, Thirteenth, and Fifteenth Amendments apply to his claims of denied medical treatment and conditions of confinement, and therefore, any such claims under those Amendments fail and will be dismissed.

### *Defendant Kaufman*

Plaintiff alleges that Defendant Kaufman is the "Hired Attorney" representing him in a state criminal action. However, "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981)). While an exception exists if an attorney has engaged in a conspiracy with state officials to deprive another of federal rights, *see Tower v. Glover*, 467 U.S. 914, 920 (1984), Plaintiff has not set forth facts sufficient to state a conspiracy claim. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). Plaintiff, therefore, fails to state a § 1983 claim against Defendant Kaufman, and the claims against him will be dismissed.

The Court declines to exercise supplemental jurisdiction over Plaintiff's claim of "attorney malpractice" because it has dismissed the federal claims against attorney Defendant Kaufman, because Plaintiff's state-court criminal action is still pending, and because the continuing claims are unrelated to attorney malpractice. 28 U.S.C. § 1367(a), (c); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them[.]").

### *Defendant Commonwealth of Kentucky*

The Court will dismiss the claims against the state on two bases. First, a state is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

(1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Second, the Eleventh Amendment[1] bars the claims. A state may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

## Defendant "The 8th Municipal Judicial Corporation"

Although not entirely clear, under liberal construction, it appears that Plaintiff is attempting to sue Kentucky's Eighth Judicial Circuit, which serves Warren County. "A state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). Accordingly, Plaintiff fails to state a claim against the "The 8th Municipal Judicial Corporation," and that Defendant will be dismissed.

---

[1] The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

*Defendants Judge Wilson and Prosecutor Beck*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Because Defendants Wilson and Beck are employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed to be claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Thus, because Plaintiff seeks damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169; *see also Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

As to the individual-capacity claims, because Defendant Judge Wilson presides over Plaintiff's state-court criminal proceedings, the judge is entitled to absolute judicial immunity for the damages claims. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction.") (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Further,

because Plaintiff does not allege any facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable, his claim for injunctive relief against the judge is also barred. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (holding that claim for injunctive relief against state judge in his judicial capacity barred because plaintiff had not alleged violation of declaratory decree or that declaratory relief was unavailable); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 448 (E.D. Mich. 2006) (where plaintiff had not alleged that judicial defendants violated a declaratory decree or that declaratory relief was unavailable, claim for injunctive relief barred).

As to prosecutor Defendant Beck, Plaintiff lists her as a Defendant but fails to mention her elsewhere in the complaint. To state a claim for relief under § 1983, the plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). Because the complaint contains no allegations of fact that specifically address Defendant Beck, Plaintiff fails to state a claim against her. Further, to the extent that Defendant Beck is the prosecutor in Plaintiff's state-court criminal action, she is entitled to "absolute immunity from civil liability related to their performance of 'prosecutorial' functions.'" *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)); *Cady v. Arenac Cty.*, 574 F.3d 334, 341(6th Cir. 2009) ("As the line of absolute-immunity cases make clear, . . . a prosecutor's allegedly improper motive alone is not enough to defeat absolute immunity, so long as the general nature of his actions falls within the scope of his duties as an advocate for the state.").

For the foregoing reasons, the claims against Defendants Wilson and Beck will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

*Lack of Grievance System*

Plaintiff claims that there is "no jail greivnace remedy for this jail." Any complaint regarding the jail's grievance procedure, however, fails to state a constitutional claim. *See LaFlame v. Montgomery Cty. Sheriff's Dep't*, No. 00-5646, 2001 WL 111636, at *2 (6th Cir. Jan. 31, 2001) (holding that inmate "cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure") (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (holding that if the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right). Plaintiff's claim will be dismissed.

### III. ORDER

For the foregoing reasons,

**IT IS ORDERED that the following claims shall proceed past initial review:** (1) the Fourteenth Amendment claims of deliberate indifference to a serious medical need and the negligence/medical malpractice claims against Defendant Strode, in his individual and official capacities, and against Defendant Southern Health related to Plaintiff's undiagnosed/untreated skin condition and the policy/custom of not screening/diagnosing/treating pretrial detainees for infectious/contagious diseases; and (2) the Fourteenth Amendment claims of dirty/wet conditions of confinement at WCRJ against Defendant Strode in his individual and official capacities. In allowing the claims to continue, the Court passes no judgment on the merit and ultimate outcome of the case. A separate Order Directing Service and Scheduling Order will be entered to govern the continuing claims.

**IT IS FURTHER ORDERED** that all other federal claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and/or pursuant to § 1915A(b)(2) for seeking damages from Defendants immune from such relief. The Court declines to exercise supplemental jurisdiction over the attorney-malpractice claim, and that claim is **DISMISSED without prejudice**.

As all claims against the following Defendants have been dismissed, the Clerk of Court is **DIRECTED to terminate them as parties to this action: WCRJ, Commonwealth of Kentucky, "The 8th Municipal Judicial Corporation," Judge Wilson, Beck, and Kaufman.**

Date: January 5, 2018

**Greg N. Stivers, Judge
United States District Court**

cc: Plaintiff, *pro se*
     Defendants
     Warren County Attorney
4416.005